189 So.2d 614 (1966)
MASSACHUSETTS BONDING & INSURANCE COMPANY, a Corporation, Appellant,
v.
Farris BRYANT, As Governor of the State of Florida, for the Use and Benefit of American Oil Company, a Corporation, Appellee.
No. 34557.
Supreme Court of Florida.
April 27, 1966.
Rehearing Denied September 19, 1966.
*615 Marion R. Shepard and Mathews, Osborne & Ehrlich, Jacksonville, for appellant.
Yardley Drake Buckman and McCarthy, Adams & Foote, Jacksonville, for appellee.
THOMAS, Justice.
The use-plaintiff, American Oil Company, instituted suit against appellant, Massachusetts Bonding and Insurance Company, surety on the performance bond of L.L. Hall Construction Company which had entered into a contract with Florida State Road Department to construct and improve certain roads in Okeechobee County. The undertaking of the performance bond payable to the Governor was to secure prompt payment to all persons furnishing labor, materials and equipment in furtherance of the project.
Asphalt and oil were delivered by the use-plaintiff between 23 January 1961 and 20 June of that year. Failure to pay for the materials prompted the use-plaintiff to bring suit 2 July 1962 which was, in short, one by a materialman to collect for the materials furnished to a contractor doing work for the State Road Department. In defense it was asserted that the statute of limitations provided in Section 255.05, Florida Statutes, 1961, F.S.A., defeated recovery while the counterattack was that this statute was inapplicable since Section 337.18 requiring a bond of contractors of the State Road Department specified no time within which suit must be brought in event of default by the contractor-principal in the bond.
It was stipulated that if Section 255.05 was applicable, the action was barred; if Section 337.18 applied, plaintiff was not precluded from recovery. The circuit judge accepted the latter view and entered summary judgment for the plaintiff. The appellate court held that Section 255.05 was applicable, if valid, and then proceeded to decide that the section was invalid despite the general revision of the statutes in 1961, and notwithstanding the stipulation, which the court did not consider binding since it dealt purely with a matter of law. This view seems to have been influenced by the decision of the Supreme Court in Auto *616 Owners Insurance Company v. Hillsborough County Aviation Authority, 153 So.2d 722 (Fla. 1963).
The District Court of Appeal concluded that the trial court's reasoning was erroneous as it advanced to the conclusion that Section 337.18 instead of Section 255.05 governed the case, but that the result was correct inasmuch as Section 255.05 had been declared unconstitutional in the Hillsborough County Aviation Authority case, supra.
The problem here is resolved by the decision in the cited case. Section 255.05, or that part of it involved here, with reference to limitation of actions having at relevant times been declared unconstitutional the statute applicable to this litigation was Section 337.18 and, therefore, the claim was not barred.
Bearing in mind that the cause of action accrued in 1961 and that suit was brought in July 1962, it is obvious, as we understand the District Court of Appeal held, that Chapter 63-437 amending Section 255.05 by providing a limitation of one year to bring suit on bonds such as the one with which we are dealing having been enacted after the cause of action arose and after suit was begun plainly could not control the instant litigation.
We agree with that ruling. Moreover, we think, as did the District Court of Appeal, that the reenactment of the Florida Statutes by Chapter 61-1 did not cure the infirmity of Chapter 59-491, as pronounced in the Hillsborough case, since the defect was not as of such kind as could be cured by a general reenactment of existing statutes, a matter fully discussed in State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804 (1945).
We are not disregarding the point, rather gently made by the respondent, that the jurisdiction of this court is somewhat in doubt since the District Court of Appeal did not, in fact, "initially" pass on the constitutionality of Section 255.05, a prerequisite to the vesting of our jurisdiction in a situation of this kind, but merely discovered the decision in the Hillsborough case, in which the constitutionality of the section had already been determined by the Supreme Court. This situation does, indeed, present a delicate question. Although we have held that a decision "initially" passing upon a constitutional question as specified in Section 4 of Article V of the Constitution, F.S.A., applies only to an original such determination in immediate litigation, State v. Furen, 118 So.2d 6 (Fla. 1960), we qualified the statement by restricting its application to like decisions by the same or other District Courts of Appeal. The pronouncement should not be strained to mean that a litigant could challenge the validity of an act which had already been held valid by this court and use that as a vehicle to secure another determination of the issues of his case under the familiar ruling that once this court assumes jurisdiction, it will consider the entire case, merits and all. And to preclude any false hope of litigants and attorneys that such procedure would be sanctioned, we hasten to say that because of the ramifications of the present controversy and the many facets involved we do take jurisdiction, although the ruling of the District Court is based more on "discovery" than "initial" determination, and taking it, express the view that the District Court's decision is eminently correct, so it is 
Affirmed.
THORNAL, C.J., ROBERTS, O'CONNELL and ERVIN, JJ., and KANNER (Retired), District Court Judge, concur.
CALDWELL, J., concurs in judgment.