PER CURIAM.
Petitioner, in this original action, seeks a writ of habeas corpus wherein he alleges that he was “. . . convicted for breaking and entering with intent to commit a misdemeanor”, and then reasons “. . . I was convicted of a specific misdemeanor . . . . Now if the offense is breaking and entering with intent to commit a misdemeanor, why was I sentenced for committing a felony.”
The answer to Petitioner’s query is found in Section 810.05, Florida Statutes, F.S.A., entitled “Breaking and entering with intent to commit a misdemeanor”, which provides:
“. . . Whoever breaks and enters . . . [enumerates various properties and chattels] with intent to commit a *259 misdemeanor shall be guilty of a felony of the third degree, punishable as provided in § 775.082, . . . . ” .[Emphasis Supplied]
Subsection 775.082(2) (c), Florida Statutes, F.S.A., provides a penalty not exceeding 5 years for a felony of the third degree. Petitioner alleges he was sentenced to a five-year term.
The Petition for Writ of Habeas Corpus is without merit and is denied.
SPECTOR, C. J., and JOHNSON and RAWLS, JJ., concur.