ENGLAND, Justice.
This case brings to us by appeal from the Pinellas County Circuit Court the constitutionality of Florida’s current burglary statute, as set forth in Section 810.02, Florida Statutes (1975). Appellants entered “no contest” pleas to burglary charges under the statute and specifically reserved the right to appeal the trial court’s ruling that the statute is constitutional. We have jurisdiction.[1]
Appellants’ challenge to the statute is rather unique. They argue that the statute is constitutionally vague, and therefore vio-lative of due process of law under the federal and state constitutions, because the conduct which constitutes “burglary” under the law is not said to be proscribed — that is, not prohibited in express terms in the text of the law. Appellants acknowledge that the elements of burglary are adequately set out so that persons of common understanding would know what acts constitute a “burglary”, but they say that the Legislature failed to put in the statute words to the effect that the defined conduct is criminal.[2]
We reject appellants’ contention. The challenged statute appears in Title XLIV of *1074 the Florida Statutes, which is entitled “Crimes”. It states in relevant part that “burglary is a felony.”[3] Taken as a whole the law is adequate to apprise persons of common understanding that the described conduct is also proscribed even if, technically speaking, a declarative prohibition is missing from the language of this statute. No constitutional infirmity exists which would warrant our invalidation of Section 810.02.
The order of the trial court is affirmed.
OVERTON, C. J., and ADKINS, BOYD, SUNDBERG and KARL, JJ., concur.

. Art. V, § 3(b)(1), Fla.Const.; State v. Ashby, 245 So.2d 225 (Fla.1971).

. Appellants also concede that the Legislature plainly intended to make the crime of burglary a statutory offense. They argue, simply, that the Legislature made a mistake in drafting the law and left out a directive that “thou shaft not burgle”.

. § 810.02(2) and (3), Fla.Stat. (1975).