353 So.2d 1224 (1977)
William P. SCHERER, M.D., Petitioner,
v.
Sara B. LIBERTO, Respondent (Two Cases).
William P. SCHERER, M.D., Appellant,
v.
Sara B. LIBERTO, Appellee.
STATE of Florida On the Relation of William P. SCHERER, M.D., Relator,
v.
The Honorable Judge John G. FERRIS, Judge of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and Sara B. Liberto, Respondents.
Nos. 76-2633, 77-46, 76-2631 and 76-2632.
District Court of Appeal of Florida, Fourth District.
December 28, 1977.
Rehearing Denied February 2, 1978.
*1225 Richard M. Gale, Alan R. Dakan and Stephens & Schwartz, Miami, for appellant/relator/petitioner.
Alan C. Brandt, Jr., and E. Hugh Chappell, Jr., of McCrory, Chappell, Brandt & Gore, P.A., Fort Lauderdale, for appellee/respondents.
DAUKSCH, Judge.
The question on appeal is whether the requirement of Section 768.133(1)(c), Florida Statutes (1975) (now Section 768.44(1)(c), Florida Statutes (Supp. 1976)), is jurisdictional. That is, if a defendant fails to file an answer to a medical malpractice claim within 20 days of service of the claim does the medical mediation panel ever gain jurisdiction. We answer that the clear wording of the statute indicates the filing of the answer is jurisdictional and the failure of the Appellant-Petitioner to file his answer timely disallows him from receiving the benefits of the medical liability mediation proceedings. The fact that he mailed the answer on the last day matters not. Just as in notices of appeal to this court, the document must be filed with the court on or before the last day or no jurisdiction is obtained. Knee v. Smith, 313 So.2d 117 (Fla. 1st DCA 1975). Of course, in medical mediation matters, jurisdiction begins when the claim is filed but is terminated when 20 days passes and no answer is filed, Section 768.44(1)(c), Florida Statutes (Supp. 1976), or ten months after the claim is filed if an answer is filed and no hearing is held. Section 768.44(3), Florida Statutes (Supp. 1976). Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977).
The Order terminating the jurisdiction of the medical mediation panel is affirmed. The Order denying the Motion to Dismiss the Complaint at Law is affirmed. The Petition for Writ of Mandamus is denied. The Petition for Writ of Certiorari is denied. The trial court is affirmed.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.