354 So.2d 1211 (1978)
Willie E. SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 51223.
Supreme Court of Florida.
January 26, 1978.
Willie E. Simmons, in pro per., Theodore E. Mack, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was charged with burglary, a violation of Section 810.02, Florida Statutes (1975), and moved to dismiss on the grounds that the statute is unconstitutionally vague and overbroad. The record does not reflect any ruling on appellant's motion, but apparently it was denied as the case proceeded to trial. Upon conviction, appellant renewed his challenge to the statute by motion for a new trial. Motion was denied and appellant appealed. The First District Court of Appeal then transferred the cause to this court. Since the trial court inherently passed on the validity of Section 810.02, Florida Statutes, we have jurisdiction.[1] See Harrell's Candy Kitchen v. Sarasota-Manatee Air Authority, 111 So.2d 439 (Fla. 1959).
*1212 Appellant's sole attack upon the statute is that it fails to declare a violation of the statute a crime. Appellant's court appointed counsel states:
Although appellant, in his motion to dismiss, attacked the constitutionality of Florida's burglary statute, counsel is unable to, in good faith, argue this point. Concerning appellant's question as to whether or not burglary is a crime, counsel would point out that this court has previously held that breaking and entering with intent to commit a misdemeanor is a felony. Copeland v. State, 275 So.2d 258 (Fla. 1st DCA 1973).
After careful review of the record, we find that appellant's allegations fail to constitute a substantial constitutional question. See Riddle v. State, 345 So.2d 1073 (Fla. 1977).
Accordingly, the appeal is transferred to the First District Court of Appeal for further action consistent herewith.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] Article V, Section 3(b)(1), Florida Constitution.