355 So.2d 175 (1978)
DAYTONA BEACH RACING AND RECREATIONAL FACILITIES DISTRICT and International Speedway Corporation, Appellants,
v.
VOLUSIA County et al., Appellees.
No. GG-241.
District Court of Appeal of Florida, First District.
February 14, 1978.
Rehearing Denied March 9, 1978.
Thomas T. Cobb of Cobb, Cole, McCoy, Abraham, Bell, Bond, Monaco & Kaney, and S. LaRue Williams of Kinsey, Vincent, Pyle & Williams, Daytona Beach, for appellants.
Robert L. Shevin, Atty. Gen., and Joseph C. Mellichamp, III, Tallahassee, and William *176 M. Barr of Raymond, Wilson, Conway, Barr & Burrows, Daytona Beach, for appellees.
SMITH, Acting Chief Judge.
Daytona Beach Racing and Recreational Facilities District, a public agency, and International Speedway Corporation, which operates the Daytona Speedway on land leased from the District, appeal from a summary judgment of the Volusia County Circuit Court rejecting appellants' claims for exemption from 1976 ad valorem real property taxes assessed by Volusia County. Appellants urge (1) that an exemption exists under Section 196.199(2)(a), Florida Statutes (1975), because International holds a leasehold granted by an agency or public body corporate of the state and "serves or performs a governmental, municipal, or public purpose or function" as defined by Section 196.012(5), Florida Statutes (1975); (2) that Chapter 73-647, Laws of Florida, unconstitutionally impairs the obligation of a contract of the State of Florida, in violation of Article I, Section 10, United States Constitution, by repealing the explicit tax exemption granted the District's racing and recreational facilities by Chapter 31343, Section 13, Laws of Florida (1955); and (3) that, irrespective of those questions, the trial court erred in refusing appellants leave to amend their complaint to attack the valuation of the property taxed. We affirm.
We concede the existence of some question concerning our jurisdiction. The trial court did not explicitly reject appellants' constitutional attack on Chapter 73-647. But the Florida Supreme Court has exclusive jurisdiction of appeals from circuit court judgments initially passing on the validity of a state statute, including judgments that necessarily and inherently pass on such questions. Article V, Section 3, Constitution of Florida; Simmons v. State, 354 So.2d 1211 (Fla. 1978). Appellees properly called the jurisdictional question to our attention but urge that the constitutionality of the 1973 repealing act has been determined or is otherwise so lacking in substance that it does not impede our exercise of jurisdiction. See Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959). Appellees urge also that, because of earlier litigation between these parties on the questions presented, the trial court did not "initially" pass on the constitutionality of the repealing statute. The presence of that substantial question and of other questions unrelated to exemption leads us to accept jurisdiction and decide the case. We shall certify to the Supreme Court that our decision on the merits passes on a question of great public interest. If our retention of jurisdiction of the constitutional question is in error, our decision on the peripheral issue may be given such effect as the Supreme Court may wish to give it, and our certificate may be treated as transferring the case to the Supreme Court on issues which we have no jurisdiction to decide. Further proceedings in this court, such as in Simmons, may thus be rendered unnecessary.
We consider that the Supreme Court determined both the effect of Section 196.199(2)(a) and the constitutionality of Chapter 73-647, Laws of Florida, in Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498 (Fla. 1977), and that appellants cannot prevail here on their claims of tax exemption. We do not read the Supreme Court's decision as holding only that International does not "perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit." Fairly read, the decision also denies International an exemption on the alternative statutory ground which is the source of appellants' claims here that International has been "demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds." Section 196.012(5), Fla. Stat. (1975). If as appellants assert the Supreme Court's decision on the constitutional issue has since been undercut by United States Trust Co. of New York v. New Jersey, 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977), we shall leave the overruling of its decision to the Supreme Court.
*177 The trial court did not err in declining to permit an amendment to appellants' complaint, proposed belatedly at the hearing on appellees' motion for summary judgment, because the tendered amendment alleging an excessive valuation was foreign to the exemption issues pleaded by the complaint. United Tel. Co. v. Mayo, 345 So.2d 648 (Fla. 1977).
AFFIRMED. We certify that this decision passes on a question of great public interest. Art. V. § 3(b)(3), Fla. Const.
ERVIN and BOOTH, JJ., concur.