357 So.2d 469 (1978)
STATE of Florida, Appellant,
v.
William Joseph OPITZ, Appellee.
No. 77-2064.
District Court of Appeal of Florida, Second District.
April 14, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, and Martha J. Cook, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee.
SCHEB, Judge.
In this appeal the state contends the trial court erred in refusing to impose upon defendant Opitz the mandatory three-year minimum sentence under Section 775.087(2), Florida Statutes (Supp. 1976). We find the state's contention has merit.
In October 1976 defendant was charged with committing robbery with a firearm. A year later he entered a plea of guilty as charged. The factual basis presented to the court showed that defendant had robbed the Spudnut Donut Shop in Ft. Myers, and that while doing so he had displayed a pistol. The state attorney requested that the sentencing order reflect that defendant was being sentenced pursuant to Section 775.087(2). The trial judge *470 refused the request, opining, "I don't buy that statute. I don't think it's constitutional; never have." The trial judge subsequently sentenced defendant to a term of five years in the state prison. The sentencing order did not mention Section 775.087(2), nor otherwise reflect that defendant would not be eligible for parole until he had served three years. This appeal by the state ensued.[1]
Any question as to the constitutionality of Section 775.087(2) was dispelled by the Supreme Court of Florida in Sowell v. State, 342 So.2d 969 (Fla. 1977), wherein the court stated:
[W]here a sentence is one that has been established by the legislature and is not on its face cruel and unusual, it will be sustained when attacked on grounds of due process, equal protection, or separation of power theories. We do not find the mandatory three-year sentence provision to be cruel or unusual. (Citations omitted.)
From our reading of the record in the instant case we can see no valid reason why the trial judge refused to apply the statute, which clearly requires a defendant convicted of robbery while carrying a firearm to serve a minimum of three years in prison.
Accordingly, this cause is remanded to the trial court with directions to amend the sentencing order to reflect that defendant must spend a minimum of three years in prison in accordance with Section 775.087(2). Defendant need not be present at the revision of the sentence.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] In view of Sowell v. State, 342 So.2d 969 (Fla. 1977), the trial court's ruling as to constitutionality is merely colorable and presents no substantial constitutional issue. Therefore, appellate jurisdiction is properly in this court rather than the supreme court. Art. V, § 3(b)(1), Fla. Const.; Simmons v. State, 354 So.2d 1211, 1212 (Fla. 1978) (finding no substantial constitutional issue because the constitutionality of the statute there in question had previously been upheld in Riddle v. State, 345 So.2d 1073 [Fla. 1977]); Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439, 441-42 (Fla. 1959). See also Massachusetts Bonding & Ins. Co. v. Bryant, 189 So.2d 614 (Fla. 1966) Daytona Beach Racing & Recreational Facilities District v. Volusia County, 355 So.2d 175, 176 (Fla. 1st DCA 1978).