358 So.2d 844 (1978)
Edward LUSTIG, Appellant,
v.
Kenneth N. McCORMICK, Sekinger and Puento-Duanty, P.A., a Florida Corporation, Appellees.
No. 77-763.
District Court of Appeal of Florida, Third District.
May 2, 1978.
Rehearing Denied June 2, 1978.
*845 Samuel Sheradsky, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard Sherman, Miami, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
PER CURIAM.
This is an appeal by the plaintiff from an order dismissing his complaint seeking recovery for medical malpractice. The trial judge set out the facts, which are not disputed on appeal:
"It appears without dispute the Medical Mediation case was filed on September 27, 1975. No order extending the time for hearing on the claim was ever entered, hence under Section 768.44(3), F.S. jurisdiction of the mediation panel terminated 120 days from September 27, 1975. Even if it be assumed an extension in fact had been granted, by reason of the acts of the parties in continuing discovery measures beyond the 120 days, the hearing on the claim could not be held beyond 10 months from the date the claim was filed; that is, July 27, 1976. Section 768.44(3), F.S.
"For some unexplained reason, the Clerk of Court filed a `termination of Mediation Panel' certificate on December 9, 1976, terminating the proceeding because of the time lapse. This complaint was thereafter filed on February 2, 1977, which date is more than 60 days from the expiration of 10 months from the date upon which the claim was filed, but less than 60 days from the date the Clerk issued the Termination of Mediation Panel certificate.
"Section 768.44(4), F.S. states `The filing of the claim shall toll any applicable statute of limitations ... In any event a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court.' The plaintiff contends the applicable date from which the 60 day filing must be calculated is the date of the Clerk's certificate. The statute does not say so  it refers to `the date on which the jurisdiction of the panel is otherwise terminated ...', and this, in turn, is defined as no more than 10 months from the date the claim is filed."
Appellant argues that the provisions of the "Medical Liability Mediation Panels" law, Section 768.44, Florida Statutes (1976 Supp.), were not meant to shorten the general statute of limitations, Section 95.11, Florida Statutes (1975). The trial court's order shows that this argument was not presented to the trial court. Nevertheless, because of the possibility of fundamental error, we have considered the argument, but find it does not affect the decision in this case. The complaint alleging a wrong diagnosis was made in May of 1973, and it became known through a later diagnosis by another doctor, made on October 15, 1973. The two-year statute of limitations commences to run when the wrongful act occurs or when it becomes known or should have become known. Giving the claimant *846 the benefit of the later date of October 15, 1973, the statute commenced to run on that date.
The medical malpractice claim was not filed until September 27, 1975, which was 18 days before the two-year statute of limitations would have run. As found by the trial court, there was no order of extension, by reason of which it could be considered the jurisdiction of the panel ended after 120 days, and obviously jurisdiction ended according to the statute when there was no hearing on the merits within ten months. Giving the claimant the benefit of tolling the statute for that ten month period, the termination of jurisdiction date of July 27, 1975, left the same eighteen days of the two-year statute of limitations which remained prior to the tolling of the statute.
Thus, action at law could have been filed within eighteen days after July 27, 1975, or, as provided in the mediation statute, within sixty days from the termination of jurisdiction, notwithstanding the statute would run in eighteen days.
The action at law was not filed until February, 1977, obviously after the statute of limitations had run and after the special sixty days had run.
Affirmed.