358 So.2d 1358 (1978)
Bernard T. SIMMONS, D.P.M., Appellant,
v.
Mary Frances FAUST and Johnnie Lee Faust, Her Husband, Appellees.
No. 50015.
Supreme Court of Florida.
May 11, 1978.
Charles W. Pittman of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
David T. Henniger of Lloyd & Henniger, St. Petersburg, for appellee.
PER CURIAM.
This is a direct appeal of the Medical Mediation Panel's judicial referee's order dismissing Faust's action before the panel against Simmons, her podiatrist. The referee dismissed the claim because he found that Section 768.133, Florida Statutes (1975) *1359 which establishes the mediation panel and its jurisdiction did not apply to podiatrists. The referee also declared the statute constitutional.
Orders of trial courts passing upon the constitutional validity of a Florida Statute are appealable to this Court. Article V, Section 3(b)(1), Florida Constitution. The jurisdictional question this case presents is: Is the order of a Medical Mediation Panel's judicial referee an order of a trial court? We conclude that it is not and transfer this appeal.
Judicial referees are circuit judges. Section 768.133(2), Florida Statutes (1975). This fact and the Legislature's failure to provide a means of review for judicial referee orders have caused confusion in the district courts, each of them treating attempts to review judicial referee orders in a different manner. See, e.g. State ex rel. Lund v. Keough, 352 So.2d 572 (Fla. 2d DCA 1977) (review by certiorari); Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977) (review by certiorari); Scherer v. Liberto, 353 So.2d 1224 (Fla. 4th DCA 1977) (review by appeal. See also, State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977) (writ of prohibition); State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977) (mandamus).
The Florida Constitution provides for only four types of courts and the Legislature may create no others. Article V, Section 1, Florida Constitution. When acting as a judicial referee, a circuit judge is not functioning as a trial court. At the least, a trial court determines parties' legal rights absolutely unless the decision is changed by an appellate court. A medical mediation panel does not perform this function. Its findings function only as evidence in a circuit court proceeding. Section 768.134(2), Florida Statutes (1975). And regardless of the panel's determination, either party remains free to take the issue to circuit court and a full-fledged trial. Section 768.134(1), Florida Statutes (1975).
It is only in the trial court, after mediation proceedings have run their route, that the legal rights of the parties are finally determined. Since the medical mediation panel does not perform the essential function of a court, it is not one, and the judicial referee's orders are not appealable.
The appeal is transferred to the District Court of Appeal, Second District, for disposition as a petition for a writ of common law certiorari.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, HATCHETT and ALDERMAN, JJ., concur.
ADKINS, J., concurs specially with an opinion.
ADKINS, Justice, concurring.
I concur.
This case raises issues, among them the actual role of a judge in malpractice mediation proceedings and presence or absence of due process protections in mediation proceedings, which cause me to question the wisdom of our earlier rulings on the Act's constitutionality. We cannot, however, reach them in this case since we do not have jurisdiction.