363 So.2d 864 (1978)
Terry L. BALLARD, Petitioner,
v.
Louie C. CURATOLO, Respondent.
No. 77-2534.
District Court of Appeal of Florida, Fourth District.
November 1, 1978.
*865 William B. Wilson of Maguire, Voorhis & Wells, Orlando, for petitioner.
R. David Ayers of Troutman, Parrish & Weeks, Winter Park, for respondent.
MOORE, Judge.
This petition for writ of certiorari to the circuit court in its capacity as judicial referee seeks our review of the referee's order terminating jurisdiction of a medical mediation liability panel because no hearing had been held within 120 days from the commencement of mediation proceeding nor had an order extending time for commencement been entered. This is another case where the facts prompt us to express our agreement with Justice Adkins' concern regarding the constitutionality of the Act as contained in his concurring opinion in Simmons v. Faust et al., 358 So.2d 1358 (Fla. 1978).
Medical mediation was instituted on May 2, 1977 by respondent's filing requests for same with the clerk of the circuit court. On August 12, 1977, petitioner (one of the respondents below) filed a timely motion to extend time for hearing, same being set for hearing on September 7, 1977. For reasons not reflected in the record the September hearing never occurred and on October 20, 1977 petitioner filed a supplemental motion to extend time for hearing. The two motions to extend time for hearing were heard on October 25, 1977 resulting in the judicial referee's decision of November 4, 1977 terminating jurisdiction.
We find it unnecessary to determine whether or not the filing of a timely motion for extension of time within the initial 120 days from the date of commencement tolls the time during which a hearing must commence, because no hearing commenced within six months of the date the claim was filed. Section 768.44(3), Florida Statutes (1977). The failure to hold a hearing within six months of the date the claim is filed terminates jurisdiction of the medical mediation panel, and respondent is then entitled to pursue his cause of action in the circuit court. Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978); Mellor et al. v. Arakgui et al., 359 So.2d 36 (Fla. 4th DCA 1978); Stanton, et al. v. Community Hospital of South Broward, et al., 359 So.2d 37 (Fla. 4th DCA 1978).
We recognize the hardship this decision seemingly creates on those innocent parties to medical mediation proceedings who are denied statutorily granted rights for reasons beyond their control. For example, a medical practitioner accused of malpractice may be on an extended vacation at the time a claim is filed. If that vacation extends beyond 120 days and the claimant is therefore unable to obtain service of process upon him, this decision would effectually terminate jurisdiction of the panel because a hearing had not been held within 120 days of the filing of the claim nor had an order been entered extending the time for hearing. We are also aware of the conflict this decision, and this Court's previous decisions, creates with the decision of our sister court in Limond v. Llanio, 349 So.2d 214 (Fla. 3d DCA 1977). Nevertheless, we are constrained to follow our decision in Green, supra, wherein we held that because Chapter 768 is in derogation of the common law and an impediment to the constitutional guarantee of access to the courts strict compliance with the statutory provisions is required.
Rule 20.190, Fla.R.Med.P., admittedly not applicable here, provides for automatic termination of jurisdiction when no hearing has been commenced within six months from the date of the filing of the claim even though an extension order had been entered by the judicial referee. No exceptions are provided.
We find that the judicial referee was correct in terminating the jurisdiction of the medical mediation panel. Accordingly, certiorari is DENIED.
ANSTEAD and DAUKSCH, JJ., concur.