372 So.2d 1169 (1979)
Linda VALENSTEIN, Appellant,
v.
DOCTORS HOSPITAL and S. Peter Hansen Stokley, M.D., F.A.C.S., Appellees.
No. 78-2327.
District Court of Appeal of Florida, Third District.
July 17, 1979.
*1170 Milton E. Grusmark and David Javits, David Jaffe, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and T.E. Scott, Preddy, Kutner & Hardy and Edward G. Rubinoff, Miami, for appellees.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
PER CURIAM.
Affirmed on the authority of Lustig v. McCormick, 358 So.2d 844 (Fla. 3d DCA 1978).
SCHWARTZ, Judge (specially concurring).
The plaintiff's medical malpractice case, which allegedly arose on December 4, 1974 and which was filed in the circuit court on November 16, 1977, was dismissed with prejudice on the ground that the statute of limitations, Sec. 95.11(4)(b), Fla. Stat. (1975), barred her claim. The statute was found to have run even though 64 days remained in the two year limitations period when she submitted her claim to medical mediation on October 1, 1976, and even though the complaint was filed within sixty days after the mediation panel issued its written decision (against her) on the merits of the claim in September, 1977. The trial court held inapplicable the provisions of Sec. 768.44(4), Fla. Stat. (1975), which states:
"The filing of the claim shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated. In any event, a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court." [Emphasis supplied]
The court so ruled because the mediation proceeding, without anyone's objection, continued beyond the ten-month period when its "jurisdiction" over the subject matter terminated, under Sec. 768.44(3), Fla. Stat. (1975), on August 1, 1977. Since the date of filing, November 16, 1977, was more than 64 days after August 1, when the "tolling" effect of 768.44(4) ceased, the action was deemed untimely filed. In Lustig v. McCormick, 358 So.2d 844 (Fla. 3d DCA 1978), we indeed held that in a substantially identical situation, Sec. 768.44(4) was properly so interpreted to bar the plaintiff's case. Accord: Ludwig v. Glover, 357 So.2d 233 (Fla. 1st DCA 1978), cert. denied, 362 So.2d 1053 (Fla. 1978). Since I feel myself bound by a controlling decision of this court, I concur in affirmance of the judgment below on the authority of the Lustig case.[1]
I also feel bound, however, to point out my essential disagreement with these decisions. *1171 The reason for our courts' insistence upon a strict adherence to the "jurisdictional" periods provided by Sec. 768.44(3), e.g., Love v. Jacobson, 358 So.2d 1179 (Fla. 3d DCA 1978); Febles v. Abercrombie, 358 So.2d 568 (Fla. 2d DCA 1978) is "to mitigate the plaintiff's pre-litigation burden imposed by the [mediation] Act [e.s.]," State ex rel. McGuirk v. Cowart, 344 So.2d 624, 627 (Fla. 3d DCA 1977), which, as "cast upon the claimant reaches the outer limits of constitutional tolerance [e.s.] ..." Carter v. Sparkman, 335 So.2d 802, 806 (Fla. 1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977). As the fourth district held in Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978):
"Since the medical mediation procedure enacted by Part II, Chapter 768 is in derogation of the common law, and is an impediment to the constitutional guarantee of access to the courts of this state, strict compliance with the statutory provisions of Chapter 768 is required. Carter v. Sparkman, 335 So.2d 802 (Fla. 1976); Mercy Hospital, Inc. v. Badia, 348 So.2d 631 (Fla. 3d DCA 1977)."
However, in the present context, and in, for example, Young v. Bramlett, 369 So.2d 652 (Fla. 1st DCA 1979), the "jurisdictional" time provisions, which were thus meant as a plaintiff's shield to limit the restrictions upon his access to the courts, have been mechanically and ironically, but successfully employed as a defendant's sword to destroy the claimant's action altogether. I think this result is wrong.
To avoid it  if the issue were an original one  I would read Sec. 768.44(4) to provide for the tolling of the limitations period until the decision of the panel is rendered, or its jurisdiction is otherwise terminated, whichever is later. I consider this interpretation of the statute to be the proper one when the subsection is considered, as it must be, in the light of the purpose for which it was enacted. 30 Fla.Jur. Statutes, § 105 (1974). Alternatively, since, as we all know, only the defendant desires or gains any advantage from the medical mediation process, I would hold that a defendant's failure, as in this case, to raise the jurisdictional point before the panel estops him from claiming any benefit which may accrue as a result of the panel thereafter continuing to consider the case. Cf. Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979); compare State ex rel. McGuirk v. Cowart, supra, (claimant who requested delay in mediation proceeding precluded from insisting on 10-month jurisdiction limitation); State ex rel. Mercy Hospital v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977) (same). It must be remembered that we are dealing in this case not with the jurisdiction of the panel itself, which is of course not subject to waiver or estoppel, but rather with the effect of the panel's activity upon the limitations defense, which is. Salcedo v. Asociacion Cubana, Inc., supra; 21 Fla.Jur. Limitation of Actions, § 88 (1958).
Notwithstanding all of the foregoing, however, which I suppose is really directed to the supreme court[2] and to the second and fourth districts, which seem not yet to have considered the issue, the bottom line is that the present appellant gets not even a meaningless dissenting vote. I reluctantly concur.
NOTES
[1] I followed the same course in a similar situation in Diners Club, Inc. v. Brachvogel, 370 So.2d 443 (Fla. 3d DCA 1979) (specially concurring opinion).
[2] I suggest that this case adds to the doubts as to the validity of the mediation act, as expressed by Justice Adkins, specially concurring in Simmons v. Faust, 358 So.2d 1358 (Fla. 1978) and by the fourth district, speaking through Judge Moore, in Ballard v. Curatolo, 363 So.2d 864 (Fla. 4th DCA 1978).