PER CURIAM.
These cases are consolidated for review purposes. Both arise out of the same medical mediation matter in which Michael R. Hall and Mary Hall were claimants and Joseph P. Magre, M.D., and Sarny F. Bishai, M.D., were defendants. The Honorable E. L. Eastmoore, Circuit Judge, entered the following order:
“This matter has come to the attention of the Court and the Court being aware of the May 11,1978, decision of the Supreme Court of Florida in the case of Simmons v. Faust, 358 So.2d 1358, holding among other things, that the orders of a Circuit Judge while acting in the capacity of a ‘Judicial Referee’ under Section 768.133, Florida Statutes 1975 (now Section 768.-44, Florida Statutes) are not ‘orders of a trial court’, and the Court being otherwise fully advised in the premises, it is CONSIDERED, ORDERED AND ADJUDGED as follows:
1. That in attempting through Section 768.44, Florida Statutes 1977, to assign to the Circuit Judges of Florida the non-judicial functions of ‘Judicial Referee’ in medical mediation matters that the Florida Legislature has exceeded its power and authority under Constitution of the State of Florida and that-therefore said Section 768.44, Florida Statutes 1977, is unconstitutional and is null and void for all purposes. Simmons v. Faust, 358 So.2d 1358. All times imposed by said Statute are tolled by this court Order.
2. This Court having declared said Section 768.44, Florida Statutes 1977, unconstitutional, all undisposed of motions and all other proceedings herein in this Court are hereby cancelled and declared null and void for all purposes.”
It is apparent that this order was entered by Judge Eastmoore in his capacity as a Circuit Judge, and not as a Judicial Referee.[1] In fact, we construe the order as an order of a trial court declining to sit as a Judicial Referee for the reasons expressed in the order. The declaration of unconstitutionality of Sec. 768.44, Florida Statutes, is made by a Circuit Judge, not by a Judicial Referee.
We find that a substantial, not merely colorable, constitutional issue is presented by the apparent conflict between the cases of Simmons v. Faust, 358 So.2d 1358 (Fla.1978) and Carter v. Sparkman, 335 So.2d 802 (Fla.1976). For that reason, we are without jurisdiction. State v. Opitz, 357 So.2d 469 (Fla.2d DCA 1978) and Simmons v. State, 354 So.2d 1211 (Fla.1978).
The Florida Supreme Court has original appellate jurisdiction of a case wherein the trial court initially and directly has passed upon the constitutionality of a state statute. Article V, Section 3(b)(1), Florida Constitution; Sowell v. State, 342 So.2d 969 (Fla.1977).
These cases, accordingly are transferred to the Florida Supreme Court.
ORFINGER, COBB and UPCHURCH, JJ., concur.

. The order reads: “This matter has come to the attention of the Court and the Court being aware . .’’In addition, it is signed as “Circuit Judge.”