763 So.2d 1071 (1999)
Baird R. TEWKSBURY, Jr. and Geraldine E. Tewksbury, his wife, and the Cove Restaurant & Marina, Inc., a Florida corporation, Appellants,
v.
CITY OF DEERFIELD BEACH, a Florida municipal corporation, and Robert L. Kester and Stewart R. Kester, Appellees.
No. 98-2673.
District Court of Appeal of Florida, Fourth District.
September 17, 1999.
Robert A. Eisen and Wendy V. Schreck of the Law Offices of Eisen & Willits, Boca Raton, for appellants.
Daniel E. Oates of Daniel E. Oates, P.A., Pompano Beach, for appellees Robert L. Kester and Stewart R. Kester.
STEVENSON, J.
The upland property owners, Geraldine E. and Baird R. Tewksbury, Jr. and The Cove Restaurant & Marina, Inc., appeal an order of the trial court finding that their operation of an outdoor dining area on a dock, stretching over and supported by the submerged land owned by the appellees,[1] exceeds the scope of their riparian or littoral rights. We affirm.
Many of the details concerning the ongoing dispute between the parties to this appeal are set forth in this court's prior opinion, see Kester v. Tewksbury, 701 So.2d 443 (Fla. 4th DCA 1997), and it is not necessary to restate those details here. Suffice it to say that, following the prior appeal, this case was remanded and the parties agreed that the issue to be resolved was whether the appellants could, pursuant to their riparian or littoral rights, use a portion of the dock extending over the Kesters' submerged land for the operation of an outdoor dining area, despite the Kesters' objection. In Florida, riparian rights include "(1) general use of the water adjacent to the property, (2) to wharf out to navigability, (3) to have access to navigable waters and (4) the right to accretions." Belvedere Dev. Corp. v. Department of Transp., 476 So.2d 649, 651 (Fla. 1985); see also § 253.141(1), Fla. Stat. (1997)("Riparian rights are those incident to land bordering upon navigable waters. They are rights of ingress, egress, boating, bathing, and fishing and such others as may be or have been defined by law."). The restaurant's operation of an outdoor dining area on the dock simply falls outside *1072 the scope of Florida's narrowly defined riparian or littoral rights.
AFFIRMED.
WARNER, C.J., and KREEGER, JUDITH L., Associate Judge, concur.
NOTES
[1] The fact that this case concerns privately-owned submerged land as opposed to sovereign lands owned by the State of Florida makes it somewhat unique.