824 So.2d 208 (2002)
SHORE VILLAGE PROPERTY OWNERS' ASSOCIATION, INC., Sandra Henry, Rebecca Farris and Robert Ruston, Appellants,
v.
The STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, George I. Waidner, Jr., Peter Anania, and Delores Anania, Appellees.
No. 4D01-3205.
District Court of Appeal of Florida, Fourth District.
July 10, 2002.
Rehearing Denied September 4, 2002.
*209 William E. Guy, Jr., and John S. Yudin, of Guy & Yudin, LLP, Stuart, for appellants.
Kenneth G. Spillias, and Kevin S. Hennessy of Lewis, Longman & Walker, P.A., West Palm Beach, for appellees.
MAY, J.
The ancient doctrine of riparian rights in today's world sets the stage for this appeal. The main appeal contests the trial court's ability not only to declare the existence of riparian rights, but to what extent those rights included the building of a specific dock. The cross-appeal disputes the court's ruling on the existence of riparian rights as part of an easement, and claims that by finding an unfair burden on the servient tenement, there can be no riparian rights. We affirm the trial court's order in all respects.
Shore Village is located on Hutchinson Island. It is approximately two hundred feet wide from North to South and extends from A1A to the Indian River. In 1964, Shore Village was owned as one contiguous parcel by the Hutchinson Isle Land Company [HILC]. HILC subdivided the property into eleven parcels. Each abutting parcel was burdened with a ten-foot easement, creating a twenty-foot wide easement running through the center of the abutting properties.
The easement was created by the following language:
TOGETHER with an easement and right of way for road purposes over, on and under the following described parcel of land extending from the West right of way line of State Road A1A to the waters of the Indian River;
A strip of land 20 feet wide lying 10 feet on each side of the following described center line;

*210 STARTING at the point where the South line of the north 200 feet of the South 700 feet of Government Lot 3, Section 30, Township 37 South, Range 42 East intersects the Westerly right of way line of State Road A1A, a distance of 112.05 feet for the point of beginning; thence run North 89~26' 30" West a distance of 770.50 feet more or less to the waters of the Indian River....
In 1971, the lot owners of Shore Village constructed a dock. The dock fell into disrepair, and sometime in the 1980's some of the property owners funded the repair and extension of the dock. In 1993, a storm destroyed part of the dock, and it again fell into disrepair.
On July 1, 1998, one of the lot owners contracted to repair the dock. Remnants of the old dock were removed and construction began. One of the landowners adjacent to the Indian River complained to the Department of Environmental Protection [DEP]. The DEP red-tagged the project and construction came to a halt.
Some of the Shore Village property owners incorporated a property owners' association in November, 1998. The new association applied to the DEP for a permit to resume work, which was denied. The Shore Village Property Owners' Association and three individual property owners then filed a declaratory judgment action against the two property owners adjacent to the Indian River and the DEP. The complaint asked for the court to declare that the easement included riparian rights. The DEP was dismissed from the action prior to trial.
The trial court heard testimony and reviewed evidence over the course of a two-day trial. The court specifically determined the existence of riparian rights within the easement, but that those rights did not include the building of a dock as proposed by the plans admitted into evidence.
The Shore Village Property Owners' Association and the individual plaintiffs filed this appeal and argue that the trial court exceeded its authority by ruling on whether the riparian rights permitted the building of the proposed dock. They contend that this issue was not pled and therefore cannot be ruled upon. The defendants argue, however, that the issues were tried by consent. We agree.
"The general rule is that a judgment based upon matters entirely outside the pleadings cannot stand." Alternative Dev. Inc. v. St. Lucie Club and Apartment Homes Condo. Ass'n, Inc., 608 So.2d 822, 825 (Fla. 4th DCA 1992). This record, however, is replete with written motions, evidence, and argument concerning this issue, which was not objected to by the plaintiffs. Clearly, this issue was tried by the consent of the parties.
The next issue is raised in the cross appeal. The defendants argue that the trial court incorrectly found that the easement included riparian rights. Based upon Cartish v. Soper, 157 So.2d 150 (Fla. 2nd DCA 1963), we affirm the trial court's order in this regard.
In Cartish, the Second District addressed the issue of whether riparian rights were included in an easement. It reviewed similar language, which stated: "The tract of land marked `Private Parkway'... extended to the waters of Boca Ciega Bay...." The Second District stated:
[I]t is clear that such riparian rights necessary and incidental to access and egress from the Bay were implicit in the reservation of the Parkway. Just as accreted land would necessarily be burdened by the easement as a necessary implication of the reservation, so too the *211 right to build a dock to facilitate access to the waters is implied.
Id. at 153-54. We agree with the reasoning and holding in Cartish. And, while the language is not identical in our case, it is sufficiently similar to warrant the same result.
We next address whether the trial court properly disallowed the proposed dock in this case. The result on this issue is dictated by Avery Dev. Corp. v. Village by the Sea Condo. Apartments, Inc., 567 So.2d 447 (Fla. 4th DCA 1990). "[T]he owner of the access easement cannot increase the burden on ... [a servient tenement] to any greater extent than reasonably necessary and contemplated at the time the access easement was granted." Id. at 448-49. Here, the trial court found that the proposed "dock of the height and length shown on the plans injuriously increases the burden upon the servient tenement." We cannot say on this record that the trial court's finding was clearly erroneous.
The final issue to address is whether riparian rights necessarily include the building of a dock. This court has already addressed this issue in Tewksbury v. City of Deerfield Beach, 763 So.2d 1071 (Fla. 4th DCA 1999). "In Florida, riparian rights include `(1) general use of the water adjacent to the property, (2) to wharf out to navigability, (3) to have access to navigable waters and (4) the right to accretions.'" Id. at 1071 (quoting Belvedere Dev. Corp. v. Dep't of Transp., 476 So.2d 649 (Fla.1985)). The Second District reached the same conclusion in Cartish. In short, riparian rights include the building of a dock to have access to navigable waters. Any future plans should first be directed to the DEP for review.
For the foregoing reasons, the trial court's order is affirmed.
FARMER and KLEIN, JJ., concur.