314 So.2d 134 (1975)
Billy Joe DORMINEY, Appellant,
v.
STATE of Florida, Appellee.
No. 45825.
Supreme Court of Florida.
April 16, 1975.
Rehearing Denied July 8, 1975.
*135 Robert E. Pyle, Lake Alfred, and Jack T. Edmund, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., for appellee.
MORPHONIOS, Circuit Judge.
This cause is before us on a direct appeal from an Order of the Circuit Court of the Tenth Judicial Circuit upholding the constitutionality of F.S. 782.04 and transferred to this Court by the District Court of Appeal, 2nd District. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution, West's F.S.A.
In the early morning hours of June 16, 1973, outside a bar in Haines City, Florida, David Passmore died as a result of a shotgun wound. Thereafter, appellant arrived at the Davenport, Florida, police department and surrendered himself, stating that he had just shot and killed a man in Haines City because he was running around with his wife.
A jury chose to convict appellant of murder in the first degree and recommended mercy, whereupon the trial judge sentenced him to a term of life imprisonment.
Appellant now raises the following issues on appeal:
I. DID THE COURT ERR IN INSTRUCTING THE JURY RELATIVE TO FIRST AND SECOND DEGREE MURDER?
II. DID THE COURT ERR IN INSTRUCTING THE JURY ON THE PROSPECTIVE PENALTIES?

*136 III. DID THE COURT ERR IN ADJUDICATING THE DEFENDANT GUILTY AND SENTENCING HIM TO LIFE IMPRISONMENT?
1. With regard to Issue I, a review of the record on appeal reveals that at no point did the appellant make an objection to the charges given by the Court with regard to first and second degree murder, but only as to the charges on manslaughter and reasonable doubt, for which no error is alleged.
Having failed to preserve this point for appeal, appellant may not now raise it for the first time.
It is noted, however, that the Court in its charges properly tracked the words of the statute in point, adhered to the standard jury charges in criminal cases as approved by this Court, and in so doing committed no error.
Florida Statute 782.04 has previously been challenged in this Court and has been sustained as constitutional (State v. Dixon, 283 So.2d 1, Fla. 1973; Alford v. State, 307 So.2d 433, Fla. 1975) thus rendering appellant's attack to be without merit.
2. As to Issue II, Florida Rules of Criminal Procedure Rule 3.390(a) directs that the presiding judge shall include in his charge to the jury the penalty defined by law for the offense for which the accused is then on trial. In properly applying this rule clearly no error was committed, and further comment is unnecessary. (See Johnson v. State, 308 So.2d 38, Fla. 1975).
3. Lastly, we consider Issue III in which the constitutionality of Florida Statute 775.082 is attacked.
In part, Section 8(c) of Article IV of our Florida Constitution provides that there may be created by law a Parole and Probation Commission. Such a Commission was, in fact, created by the Florida Legislature. (F.S. Chapter 947). This Commission considers eligibility of persons for Parole and supervises those who are placed on Parole or Probation performing those functions delegated to it by the Legislature. The determination of maximum and minimum penalties to be imposed for violation of the laws remains a matter for the Legislature. The lower Court correctly ruled that Florida Statute 775.082 was constitutional, there being no legislative usurpation of executive power.
For the reasons stated, the judgment and sentence are affirmed.
ADKINS, C.J., ROBERTS, OVERTON and ENGLAND, JJ., and ALDERMAN and TENCH, Circuit Judges, concur.