326 So.2d 4 (1975)
Marvin Robert O'DONNELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 46138.
Supreme Court of Florida.
July 23, 1975.
Rehearing Denied October 30, 1975.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, and Arthur L. Rothenberg, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
SUNDBERG, Justice.
This is a direct appeal from the Circuit Court of Dade County which explicitly held Sections 805.02 and 775.082, Florida Statutes, taken in pari materia, constitutional as applied to the defendant. Section 775.082(4)(a), Florida Statutes, provides for punishment by a term of imprisonment in the state prison for life or for a term of years not less than 30.
Appellant, Marvin Robert O'Donnell, and Codefendant, Sidney Pullman, were charged by information with kidnapping and robbery. The trial court expressly construed Fla. Stat. §§ 805.02 and 775.082 constitutional as applied to the defendant. The court then sentenced defendant to 30 years imprisonment, the minimum required by said statutes and appeal was taken therefrom.
The salient facts are as follows:
On February 5, 1974, Charles J. Courshon was kidnapped as he left his office at 407 Lincoln Road, Miami Beach, Florida. As he prepared to enter his car two men approached  the appellant and codefendant. After Pullman threatened Courshon with a revolver, all three men entered the car. Pullman blindfolded Courshon and stated that he was being taken to an apartment at which time he would receive further instructions.
Thereafter, Pullman instructed Courshon to phone his brother and relate the terms of the negotiated ransom. Courshon was then taken into a bathroom where he was given an air mattress, some pillows and a fan. Pullman and the appellant kept an alternate watch throughout the night.
The morning following the abduction, Courshon observed Pullman leaving the apartment. Assuming that only appellant remained on watch, Courshon made preparations *5 for escape. During the course of the escape from the bathroom a bottle was broken creating a resounding clap. Emboldened by the absence of any response from appellant who was asleep in the adjoining room, Courshon made his way through the room and escaped.
The appellant was asleep throughout the escape and was found still sleeping when Courshon returned to the apartment with the police. Appellant was then arrested for kidnapping.
On cross-examination during trial it was adduced that Pullman was the moving force throughout the kidnap and that appellant's participation was limited.
At sentencing, defense counsel argued that the relative, passive culpability of the defendant did not warrant imposition of the mandatory minimum sentence of 30 years as required by statute, particularly in view of the fact that Codefendant Pullman, upon conviction in a separate trial, was given the identical sentence.
The trial court recognized the harshness of a 30-year sentence as applied to the defendant; however, the court refused to give probation to one convicted of kidnap regardless of the limited participation and culpability.
The single issue for our determination is whether the trial court erred in holding Fla. Stat. §§ 805.02 and 775.082, taken in pari materia, constitutional as applied to the appellant.
Appellant submits that the minimum mandatory sentence required by the statutes constitutes a cruel and unusual punishment and is violative of due process and equal protection as guaranteed by the United States and Florida Constitutions. The essence of his appeal is that the statute providing a minimum mandatory sentence is constitutionally defective as to him in that it proscribes the trial judge in "individualizing sentences" to make the punishment fit the criminal. Appellant concedes that there is little or no authority in Florida for declaring a sentence violative of the ban against cruel and unusual punishment where it is within the limits fixed by the applicable statute. He cites Nowling v. State, 151 Fla. 584, 10 So.2d 130 (1942), but then concedes that such case was overruled the following year in Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943).
In Brown v. State, supra, this Court held that a sentence imposed within the statutory limits is not invalid as "cruel and unusual punishment," stating at page 461:
"... The law appears to be well settled, as stated in 15 American Jurisprudence 174, Sec. 526, as follows: `As a general rule, in cases where the objection is to the particular sentence, and not to the statute under which it has been imposed, a sentence which is within the limit fixed by statute is not cruel and unusual and is therefore valid, no matter how harsh and severe it may appear to be in a particular case, because the constitutional prohibition has reference to the statute fixing the punishment, and not to the punishment assessed by the jury or court within the limits fixed by statute. If the statute is not in violation of the Constitution, then any punishment assessed by a court or jury within the limits fixed thereby cannot be adjudged excessive, for the reason that the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but a legislative power, controlled only by the provisions of the Constitution.'" (Emphasis supplied)
The Second District Court of Appeal in Chavigny v. State, 112 So.2d 910 (1959), in explaining Brown, supra, stated at page 915:
"... The Florida Supreme Court points out that where the objection is to the particular sentence and not to the statute under which it was imposed, a sentence is not cruel nor unusual if such *6 sentence is in conformity to the limit fixed by the statute and is therefore valid, notwithstanding its apparent harshness or severity. The rationale of this rule is that the constitutional prohibition, F.S.A.Const. Declaration of Rights, § 8, refers to the statute fixing the punishment and not to the punishment set by the court within the limits enunciated in such statute; that if the statute does not violate the Constitution, then any punishment set in conformity to it cannot be adjudged excessive for the reason that it is not within judicial but legislative power, controlled only by the constitutional provisions, to declare what punishment may be assessed against those convicted of crime."
In Chavigny, supra, the Second District Court of Appeal, upon the authority of Brown, supra, upheld consecutive life sentences imposed for second degree murder convictions.
With respect to this point, see also Walker v. State, 44 So.2d 814 (Fla. 1950); Alspaugh v. State, 133 So.2d 587 (2d DCA Fla. 1961); and Shellman v. State, 222 So.2d 789 (2d DCA Fla. 1969).
We believe that the foregoing cases also are dispositive of the contention that the sentence violated appellant's right to due process of law as guaranteed by the Constitution of the United States and of the State of Florida in that they disclose that it is within the province of the Legislature to set criminal penalties. Due to the nature of the crime and the very probable deterrent effect of the statutes here under consideration, we do not deem a minimum mandatory sentence of 30 years to be excessive in terms of the constitutional prohibitions.
In response to appellant's remaining argument to the effect that the imposition of the sentence pursuant to the statutes constituted a denial of his right to equal protection, we cite McKee v. State, 203 So.2d 321 at 323 (Fla. 1967), wherein we declared: "[I]f the law deals alike with all of a certain class the equal protection concept is not violated." There is no suggestion made by appellant that the classification, per se, is arbitrary or unjust, but merely that as applied to him injustice occurs. We cannot accept appellant's argument on this point in that in this context it would lead to unequal sentences for the same offense.
Essentially, appellant's appeal is for mercy rather than for justice due to his asserted limited participation in the crime. This appeal can more appropriately be made to the parole authorities. Chavigny, supra; Stanford v. State, 110 So.2d 1 (Fla. 1959).
The sentence accordingly is upheld.
Affirmed.
ADKINS, C.J., ROBERTS, BOYD, OVERTON and ENGLAND, JJ., and MOORE, Circuit Judge, concur.