342 So.2d 469 (1976)
Howard BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 49081.
Supreme Court of Florida.
November 12, 1976.
Rehearing Denied March 9, 1977.
Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
ROBERTS, Acting Chief Justice.
Having been transferred to us from the District Court of Appeal, First District, this cause is before us on direct appeal from the judgment and sentence of the Circuit Court in and for Duval County, that court having inherently passed on the constitutionality of Section 775.082(1), Florida Statutes. We have jurisdiction pursuant to Article V, Section 3(b)(1), Constitution of Florida.
Appellant was charged by indictment with the crime of involuntary sexual battery in that he did unlawfully commit a sexual battery upon an 8-year-old boy by oral union with the sexual organ of the young boy contrary to Section 794.011(2), Florida Statutes.
After jury trial resulted in a verdict of guilty as charged, motion was filed to certify the defendant for a hearing and examination to determine whether he is a mentally disordered sex offender which motion was granted. The trial judge appointed two psychiatrists to examine appellant.
He was adjudicated guilty and the State and the defendant stipulated to a sentence of life rather than death and, thereby, waived the second portion of the bifurcated trial required in capital cases.
Appellant was determined to be a mentally disordered sex offender within the meaning of Section 917.13, Florida Statutes, and was committed to the Florida State Hospital, Chattahoochee, Florida, for care, treatment, and rehabilitation under the provisions of Section 917.28, Florida Statutes.
On appeal to this Court, appellant challenges the judgment and sentence of the trial court on the grounds that the evidence was insufficient as a matter of law to prove a "union" as required by Section 794.011, Florida Statutes, and that Section 775.082(1), Florida Statutes, which carries a *470 minimum of 25 years imprisonment prior to eligibility for parole constitutes cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States, and Article I, Section 17, of the Constitution of Florida.
Section 794.011(2), Florida Statutes, provides:
"A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in § 775.082, § 775.083, or § 775.084."
"Sexual battery" is defined in Section 794.011(1)(f), Florida Statutes to mean ". . oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bona fide medical purposes."
Our review of the record before us supports the State's contention that the evidence is sufficient as a matter of law to prove a "union" as required by Chapter 794, Florida Statutes, for an adjudication of guilt of sexual battery upon a person 11 years old or younger. Appellant placed his mouth on the penis of the 8 year old victim and drank his urine. There was a "union" by appellant's mouth (oral) with the young boy's penis.
Appellant attacks the constitutionality of the minimum 25 years imprisonment prior to eligibility for parole found in Section 775.082(1), Florida Statutes, as it applies to him sub judice by Section 794.011(2), Florida Statutes, on the basis that said punishment is cruel and unusual in light of the act committed by him. We cannot agree.
Recently in Dorminey v. State, 314 So.2d 134 (Fla. 1975), and Owens v. State, 316 So.2d 537 (Fla. 1975), this Court upheld the constitutional validity of Section 775.082(1), Florida Statutes, against the challenge of legislative usurpation of executive power. In Dorminey, supra, this Court opined:
"The determination of maximum and minimum penalties to be imposed for violation of the laws remains a matter for the Legislature. The lower court correctly ruled that Florida Statute 775.082 was constitutional, there being no legislative usurpation of executive power."
Appellant in O'Donnell v. State, 326 So.2d 4 (Fla. 1975), argued that minimum mandatory sentence required by Sections 805.02 and 775.082, Florida Statutes, relating to requirement that one convicted of a life felony be sentenced to life or a term of years not less than thirty, constitutes a cruel and unusual punishment and violates due process and equal protection of the laws. Therein, this Court explained:
"Due to the nature of the crime and the very probable deterrent effect of the statutes here under consideration, we do not deem a minimum mandatory sentence of 30 years to be excessive in terms of constitutional prohibitions."
We find that the imposition of a life sentence with a minimum 25 years imprisonment prior to eligibility for parole as required by legislative enactment  Section 775.082(1) and Section 794.011(2), Florida Statutes, upon appellant does not amount to cruel and unusual punishment.
However, we feel constrained to point out that the totality of the circumstances, particularly in view of the psychiatric reports, indicate that a re-evaluation of the sentence may be in order; but this Court has long been committed to the proposition that if the sentence is within the limits prescribed by the Legislature, we have no jurisdiction to interfere. Therefore, any request for consideration of that question would be properly lodged with the Governor under Section 8, Art. IV, Florida Constitution.
Accordingly, the judgment and sentence under review are hereby affirmed.
It is so ordered.
ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.