342 So.2d 969 (1977)
Brent SOWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 50071.
Supreme Court of Florida.
February 17, 1977.
David J. Busch and Michael M. Corin, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
HATCHETT, Justice.
Our jurisdiction in this case is based upon Article V, Section 3(b)(1), Florida Constitution, vesting jurisdiction in this Court where the constitutionality of a state statute is initially and directly passed upon.
The appellant was convicted of aggravated assault, by the use of a shotgun, under Section 784.04, Florida Statutes, and sentenced to three years imprisonment under the mandatory three-year provision of Section 775.087(2), Florida Statutes. We are asked to determine whether Section 775.087(2), Florida Statutes, which provides that a person convicted of aggravated assault (Section 784.04, Florida Statutes) through the use of a firearm must be sentenced to a minimum term of three years' imprisonment, and serve all three years of the sentence before being eligible for parole, is constitutional.
This Court has long held, and now reaffirms its holding, that where a sentence is one that has been established by the legislature and is not on its face cruel and unusual, it will be sustained when attacked on grounds of due process, equal protection, or separation of power theories. O'Donnell v. State, 326 So.2d 4 (Fla. 1975); Owens v. State, 316 So.2d 537 (Fla. 1975); Owens v. State, 300 So.2d 70 (Fla. 1st DCA 1974), appeal dismissed, 305 So.2d 203 (Fla. 1974), and Dorminey v. State, 314 So.2d 134 (Fla. 1975). We do not find the mandatory three-year sentence provision to be cruel or unusual.
Accordingly, we hold that Section 775.087(2), Florida Statutes, is constitutional, and the appellant's conviction is affirmed.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.