346 So.2d 97 (1977)
Douglas K. GRIFFIN, Appellant,
v.
STONEWALL INSURANCE COMPANY, Appellee.
No. 76-1032.
District Court of Appeal of Florida, Third District.
May 3, 1977.
Rehearing Denied June 8, 1977.
*98 Horton, Perse & Ginsberg, George Telepas, Miami, for appellant.
Bradford Williams, McKay, Kimbrell, Hamann & Jennings and John W. Wylie, Miami, for appellee.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Plaintiff Douglas K. Griffin was insured under an automobile liability policy by defendant Stonewall Insurance Company. He appeals a summary final judgment entered for the company upon a holding of the trial judge that the insurance company was entitled to a judgment as a matter of law because the insured had failed to perform a condition precedent to a suit upon the policy. Pursuant to Section 627.736(7)(a), Florida Statutes (1975), the policy includes a provision as follows:
"3.) ... Such person [claimant] shall submit to mental or physical examinations at the Company's expense when and as often as the Company may reasonably require and a copy of the medical report shall be forwarded to such person if requested."
It appears without genuine issue of material fact that the plaintiff, on two separate occasions, refused to be examined by a physician procured by the insurance company. No reason or excuse for such refusal was furnished at the time, nor was any reasonable excuse advanced before the trial court. Subsequently, the plaintiff submitted to the insurance company a list of five doctors stating that he would only consent to be examined by one of those listed. Thereafter, he began the instant action to recover personal injury protection benefits under his policy. After the legislature has delineated public policy, the court has the duty to enforce it. Local No. 234 of United Association of Journeymen and Apprentices of Plumbing and Pipefitting Industry of United States and Canada v. Henley and Beckwith, Inc., 66 So.2d 818 (Fla. 1953).
The trial judge properly entered summary judgment upon the grounds stated. Cf. Orozco v. State Farm Mutual Automobile Insurance Company, 360 F. Supp. 223 (S.D. Fla. 1972), affirmed 480 F.2d 923 (5th Cir.1973).
Affirmed.