PER CURIAM.
Defendant, Richard Francioni, appeals his conviction following a jury trial for (1) aggravated assault and (2) use of a firearm in commission of a felony and mandatory sentence of three years on the assault charge.[1]
Francioni raises several points on appeal, only one of which merits a brief discussion: whether the court erred in denying his motion in arrest of judgment and sentence where .the application of the three-year mandatory minimum sentence [Section 775.-087(2), Florida Statutes (1976)] under the facts of this case is so disproportionate to the nature and the gravity of the offense and so excessive as to amount to violation of the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment.
Our Supreme Court has held that the mandatory three-year sentence which must be served before being eligible for parole upon conviction of aggravated assault through the use of a firearm as provided by Section 775.087(2), Florida Statutes (1976) is not cruel and unusual on its face and, therefore, constitutional. Sowell v. State, 342 So.2d 969 (Fla.1977). Although the imposition of the mandatory three-year sentence may appear to be somewhat harsh in the case at bar, it is not so excessive or so disproportionate to the nature and gravity of the offense (aggravated assault through the use of a firearm) as to reach the level of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Cf. Chavigny v. State, 112 So.2d 910, 915 (Fla. 2d DCA 1959). The sentence imposed upon Francioni being within the statutory limits, this point is without merit.
Having failed to demonstrate reversible error in his remaining points, the convictions and sentence are affirmed.
Affirmed.

. Sentence was suspended on the other count.