PEARSON, Judge
(concurring in part and dissenting in part).
I concur in the decision affirming the judgment. I would, however, hold that the mandatory three year sentence which must be served before being eligible for parole is, under the facts of this case, cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. In Sowell v. State, 342 So.2d 969 (Fla.1977), the Supreme Court of Florida reaffirmed the doctrine that where a sentence is one that has been established by the legislature and is not, on its face, cruel and unusual, it will be sustained when attacked on grounds of due process, equal protection or separation of powers. However, I think that the majority overlooks the fact that the Supreme Court examined the facts of the Sowell case and made an independent determination that the court did not find the mandatory three year sentence provision to be cruel and unusual.
Having examined the facts of this case, which reveal that a police officer of nineteen years service with the City of Miami *953 Beach Police Department was involved in what might be described as a jurisdictional dispute with another officer of another police agency and that the defendant was under emotional stress at the time because of domestic troubles, I would hold that the imposition of the mandatory three year jail sentence is cruel and unusual punishment.
I am aware that the appellate courts of this state do not have the judicial machinery necessary to review every sentence as to its propriety under the circumstances of the particular case. Nevertheless, I would not tie the hands of the appellate courts to reverse a sentence that is, on the record before them, so improper as to be illegal in a particular case. The difficulty presented here touches upon the whole problem with mandatory sentences. Much has been written on the subject and is of common knowledge to the bar. See, e. g., 52 U.N.C.L.Rev. 442 (1973); and 28 U.Okla.L.Rev. 614 (1975). We are, of course, bound by the decision of the Florida Supreme Court that mandatory sentences are legal. My one hope in this dissent is that there can be preserved to the appellate process the right to declare a clearly improper sentence, although authorized by the legislature, to be cruel and unusual under the facts of a particular case.
I believe the case of Hart v. Coiner, 483 F.2d 136 (4th Cir. 1973), is dispositive of the principles of law that I would apply here. In that case, the appellant received a mandatory life sentence under a West Virginia recidivist statute as a result of successive convictions for (1) writing a fifty dollar check on insufficient funds, (2) transporting one hundred and forty dollars worth of forged checks across state lines and (3) perjury. The issue presented was
“ . . whether the recidivist mandatory life sentence in this case is so excessive and disproportionate to the underlying offenses as to constitute cruel and unusual punishment.”
In answering this question, the court argued that “ . . .to view the West Virginia recidivist statute with its mandatory life sentence as facially constitutional is not the end of the inquiry.” The court set out certain factors to be considered in making a determination of this sort. One of these factors was the “disproportionality” of the punishment to the offense committed; another was the legislative intent behind the punishment.
In the present case, the majority does not find the punishment disproportionate to the offense committed. However, under the particular facts and circumstances involved here, I would hold otherwise. And with regard to the legislative intent behind the statute, I should hardly imagine that the legislature intended — or ever envisaged— the statute’s application to an off-duty, emotionally distressed police officer brandishing his hand gun at another (plainclothes) police officer from a “rival” police department when stopped along the highway for a vehicular (speeding) infraction.
In Faulkner v. State, 445 P.2d 815 (Alaska 1968), Justice Dimond commented:
“I recognize the fact that ordinarily a sentence with statutory limits should not be disturbed. But I also believe that it is conceivable that in extraordinary circumstances a sentence, although within the limits prescribed by law, may be so ‘disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice,’ and thus would amount to an unconstitutional cruel and unusual punishment.”
The Hart and Faulkner cases, supra, both make reference to the case of Weems v. United States, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910), for the proposition that it is a precept of justice that punishment for crime should be graduated in proportion to the offense.
Finally, I would comment that the severity of the punishment should not matter, for as stated in Robinson v, California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962),
“ . . . imprisonment for ninety days is not, in the abstract, a punishment which is either cruel or unusual. But the question cannot be considered in the abstract. Even one day in prison would be a cruel and unusual punishment for the ‘crime’ of having a common cold.”
*954 I,therefore, dissent from that portion of the judgment which affirms the sentence and would remand the cause to the trial court for the imposition of a lesser sentence which the judge, himself, found appropriate in the present ease.[1]

. * * * * * *
“If you are going to talk about mitigating factors, I have no intention of giving him anything more than the mandatory minimum. And nothing that any of these letters say could get him any less than what I intend to give him. I was impressed with the letters. I have seen him in the courts over the years, coming and going. During my experience, I know he has been a good police officer. I don’t feel good about sentencing him to three years because on a particular night, apparently, he had too much to drink and did something stupid that he probably never in a thousand years would have done again. I don’t feel good about it at all. In fact, l have never felt worse about a sentence. Nonetheless, I have absolutely no discretion, as I see it, in the matter. And having no discretion, I can’t give him any less than the minimum."