369 So.2d 330 (1979)
Clifford SCOTT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 50946.
Supreme Court of Florida.
March 22, 1979.
*331 Michael M. Corin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
This is an appeal from a judgment adjudicating appellant (defendant in trial court) guilty of the crime of attempted murder in the second degree. The defendant contended that the mandatory minimum sentence requirements of Florida Statutes, Section 775.087(2) were unconstitutional. The trial court ruled that the statute was constitutional. The appeal was lodged in the First District Court of Appeal and transferred to this court. We have jurisdiction. Florida Constitution, Article V, Section 3(b)(1).
The only question presented was whether this statute could constitutionally require that a person who is convicted of attempt to commit murder in the second degree and who had in his possession a firearm must be sentenced to a minimum term of imprisonment for three years and must serve such minimum sentence before being eligible for parole.
The defendant concedes that Florida courts have consistently rejected constitutional challenges to statutes which require mandatory minimum sentences to be imposed and that as a general proposition, if the sentence given is one that has been established by the legislature and is not on its face cruel and unusual, the imposition thereof will be sustained as against attacks based on due process, equal protection, separation of powers and legislative usurpation arguments. O'Donnell v. State, 326 So.2d 4 (Fla. 1975), Owens v. State, 316 So.2d 537 (Fla. 1975), Owens v. State, 300 So.2d 70 (Fla. 1st DCA 1974), appeal dismissed, 305 So.2d 203 (Fla. 1974), and Dorminey v. State, 314 So.2d 134 (Fla. 1975).
He contends the statute does not meet constitutional muster because:
1) It does not place defendant on notice that a conviction for this crime would subject him to the penalty provisions of the statute under attack;
2) The statute is discriminatory and misleading because it excludes from the mandatory minimum sentencing those individuals who possess and use deadly weapons other than firearms or destructive devices while in the commission of criminal acts;
3) The statute unconstitutionally binds trial judges to a sentencing process which wipes out any chance for a reasoned judgment;
4) The statute unconstitutionally usurps the functions of the Parole and Probation Commission.
We reject the contentions of the defendant and hold that the statute is constitutional. See Dorminey v. State, 314 So.2d 134 *332 (Fla. 1975), Owens v. State, 316 So.2d 537 (Fla. 1975), Sowell v. State, 342 So.2d 969 (Fla. 1977).
The conviction of the defendant is affirmed. It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.