SCHWARTZ, Judge.
The state appeals from an order granting the defendants’ motion to dismiss an information which charged them with 14 counts of bookmaking in violation of Section 849-25(1), (2), Florida Statutes (1979). The statute provides:
(1) The term ‘bookmaking’ means the act of taking or receiving any bet or wager upon the result of any trial or contest of skill, speed, power, or endurance of man or beast or between men, beasts, fowl, motor vehicles, or mechanical apparatus or upon the result of any chance, casualty, unknown, or contingent event whatsoever.
(2) Any person who engages in bookmaking shall be guilty of a felony of the third degree, punishable as provided in s.775.082, s.775.083, or s.775.084. Notwithstanding the provisions of s.948.01, any person convicted under the provisions of this subsection shall not have adjudication of guilt suspended, deferred, or withheld. [e.s.]
The ruling was based upon the conclusion that the emphasized requirement that persons convicted of violating the statute be adjudicated guilty was unconstitutional.[1] The trial court held that the provision was unreasonable in the absence of an equivalent mandatory requirement for other crimes which the court considered more serious.
This order was an unjustified intrusion into the exclusively legislative domain of determining the relative seriousness and the appropriate respective penalties for statutory crimes. Since there is no tenable claim either that such an obligatory adjudication facially amounts to cruel and unusual punishment, or that it denies bookmakers, as a class, the equal protection of the law,[2] there was no basis for the court to have interfered with the legislature’s decision on the issue. State v. Benitez, 395 So.2d 514 (Fla.1981); Scott v. State, 369 So.2d 330 (Fla.1979); Hamilton v. State, 366 So.2d 8 (Fla.1978); Sowell v. State, 342 So.2d 969 (Fla.1977); Banks v. State, 342 So.2d 469 (Fla.1976); Wooten v. State, 332 So.2d 15 (Fla.1976); O’Donnell v. State, 326 So.2d 4 (Fla.1975); Mullins v. State ex rel. Pellicer, 254 So.2d 787 (Fla.1971).[3] The order under review is therefore reversed and the cause remanded for reinstatement of the information and further proceedings consistent herewith.
Reversed.

. We note that even if the lower court were right, which it is not, the appropriate remedy would have been simply to strike the offending provision rather than declare the entire statute unconstitutional and dismiss the information. 10 Fla.Jur.2d Constitutional Law §§ 97, 100 (1979).

. Any equal protection requirement of a “rational basis” for the provision, see State v. Benitez, 395 So.2d 514, 517 (Fla.1981), but cf. Sowell v. State, 342 So.2d 969 (Fla.1977); O’Donnell v. State, 326 So.2d 4, 6 (Fla.1975), is more than satisfied here. The legislature could well and properly have thought it appropriate to be certain that bookmakers were precluded from engaging in the host of sensitive activities from which convicted felons are barred. See, e. g„ § 447.04(l)(b) (labor organization business agent); § 490.26(1 )(c) (psychologist); § 493.-43(3) (polygraph examiner); § 550.181(l)(b) (racing or jai alai licensee); § 561.15(2) (alcoholic beverage licensee); § 648.45(1)(e) (bail bondsman or runner), Florida Statutes (1979).

.We also reject the appellate contention that the provision is an invalid interference with the sentencing discretion of the court. E. g., Scott v. State, supra, 369 So.2d at 331 (rejecting claim that three-year mandatory sentence for possessing firearm during felony “unconstitutionally binds trial judges to a sentencing process which wipes out any chance for a reasoned judgment”).