SAWAYA, J.
Robert Kelly (Kelly) was convicted of kidnaping, attempted sexual battery and lewd and lascivious assault on a person *136 under the age of sixteen. Subsequent to his convictions for these offenses, the trial court granted the State’s motion to declare Kelly to be a sexual predator pursuant to the Florida Sexual Predators Act (the Act), section 775.21, Florida Statutes (2000). Kelly appeals his convictions and the trial court’s declaration finding him to be a sexual predator. We affirm his convictions and the sexual predator designation.
The only issue raised by Kelly that warrants discussion is whether section 775.21 requires the trial court to find that an individual is a sexual predator if the statutory criteria are established. Kelly argues that the Act must be interpreted as being discretionary in order to avoid finding that it violates the separation of powers clause of the Florida Constitution. We disagree and hold that the Act is mandatory and does not violate the separation of powers clause.
Specific Provisions Of The Act Clearly Indicate The Legislature’s Intent That It Be Mandatory
The language of the Act clearly indicates that the Legislature intended it to be mandatory. The Act specifically provides in section 775.21(4)(a) that if the statutory criteria are met, “an offender shall be designated as a ‘sexual predator’ under subsection (5), and subject to registration under subsection (6) and community and public notification.... ” (Emphasis supplied). In Green v. State, 604 So.2d 471, 473 (Fla.1992), the court stated that “[o]ne of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature.” See also Raulerson v. State, 763 So.2d 285 (Fla.2000). The word “shall” in statutes normally means mandatory as opposed to permissive. S.R. v. State, 346 So.2d 1018 (Fla.1977); Stanford v. State, 706 So.2d 900 (Fla. 1st DCA 1998). The court in S.R. stated the general rule of statutory interpretation as follows:
Although there is no fixed construction of the word “shall,” it is normally meant to be mandatory in nature. Neal v. Bryant, 149 So.2d 529 (Fla.1962). Its interpretation depends upon the context in which it is found and upon the intent of the legislature as expressed in the statute. White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973).
S.R., 346 So.2d at 1019. Therefore, the word “shall” means the designation must be declared if the criteria are met and that the trial court has no discretion to do otherwise.
Other provisions of the Act clearly indicate the Legislature’s intent to make the declaration mandatory. Section 775.21(3)(d) states that “[i]t is the purpose of the Legislature that, upon the court’s written finding that an offender is a sexual predator, in order to protect the public, it is necessary that the sexual predator be registered with the department and that members of the community and the public be notified of the sexual predator’s presence.” (Emphasis supplied). Section 775.21(5)(a)l. provides that “[a]n offender who meets the sexual predator criteria ... is a sexual predator, and the sentencing court must make a written finding at the time of sentencing that the offender is a sexual predator,.... ” (Emphasis supplied). Lastly, section 775.24 specifically provides that it is the duty of the courts to uphold the laws governing sexual predators and that the courts are prohibited from accepting a plea agreement or otherwise entering an order that “[ejxempts a person who meets the criteria for designation as a sexual predator ... from such *137 designation ..., or exempts such person from the requirements for registration or community and public notification .... ” § 775.24(2)(a), Fla. Stat. (2000).
We conclude, based on the unambiguous language of the Act and the clearly stated legislative intent, that the Act is mandatory and affords no discretion to the trial judge to designate an individual a sexual predator if the statutory criteria are established. See State v. Curtin, 764 So.2d 645 (Fla. 1st DCA 2000).
The Act Does Not Violate The Separation Of Powers Clause
Article II, section 3 of the Florida Constitution divides our state government into three separate and distinct branches and provides that “[n]o person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.” Formally known as the “separation of powers” clause, this constitutional principle prohibits the unlawful encroachment by one branch upon the powers of another branch. Chiles v. Children A, B, C, D, E, & F, 589 So.2d 260, 263-64 (Fla.1991); Pepper v. Pepper, 66 So.2d 280, 284 (Fla.1953). However, there is no catalogue of specific powers reserved for each branch of government that we can turn to for guidance. As the court observed in State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 So. 969 (1908):
In construing, interpreting, and applying the Constitution of the state, the guiding star should be to effectuate its primary purpose, viz., the welfare of the people in the preservation and exercise of the rights of sovereignty and of individuals. The division of governmental powers into Legislative, executive, and judicial is abstract and general, and is intended for practical purposes. There has been no complete and definite designation by a paramount authority of all the particular powers that appertain to each of the several departments. Perhaps there can be no absolute and complete separation of all the powers of a practical government....
A clear violation of the constitutional provisions dividing the powers of government into departments should be checked and remedied; but where a reasonable doubt exists as to the constitutionality of a statute conferring power, authority, and duties upon officers, the legislative will should be enforced by the courts to secure orderly government and in deference to the Legislature, whose action is presumed to be within its powers, and whose lawmaking discretion within its powers is not reviewable by the courts.
Id. at 975 (citation omitted); see also State v. Johnson, 345 So.2d 1069, 1071-72 (Fla.1977) (quoting Atlantic Coast with approval).
As a general principle, the Legislature has the responsibility to make the laws and the courts must interpret and apply them. Chiles v. Phelps, 714 So.2d 453 (Fla.1998); Johnson v. State, 336 So.2d 93 (Fla.1976); Holley v. Adams, 238 So.2d 401 (Fla.1970); Ervin v. Collins, 85 So.2d 852 (Fla.1956). Consequently, “[ajfter the legislature has delineated public policy, the court has the duty to enforce it.” Griffin v. Stonewall Ins. Co., 346 So.2d 97, 98 (Fla. 3d DCA 1977) (citing Local No. 234 of United Ass’n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of United States & Canada v. Henley & Beckwith, Inc., 66 So.2d 818 (Fla.1953)).
The Act is a substantive law enacted to implement the declared public policy of this state. See § 775.24, Fla. Stat. (2000). The Legislature enacted the Act based on its finding that “[rjepeat sexual *138 offenders, sexual offenders who use physical violence, and sexual offenders who prey on children are sexual predators who present an extreme threat to the public safety.” § 775.21(3)(a), Fla. Stat. (2000). Moreover, the Legislature found that “[t]he state has a compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity,” section 775.21(3)(c), Florida Statutes (2000), and that “in order to protect the public, it is necessary that the sexual predator be registered with the department and that members of the community and the public be notified of the sexual predator’s presence.” § 775.21(3)(d), Fla. Stat. (2000).
Given the fact that the sexual predator designation is part of a substantive statutory enactment designed and intended to accomplish these policy objectives, the courts have recognized that the designation is neither a sentence nor a punishment. Payne v. State, 753 So.2d 129 (Fla. 2d DCA), rev. denied, 773 So.2d 56 (Fla.2000); Burkett v. State, 731 So.2d 695, 698 (Fla. 2d DCA), rev. denied, 719 So.2d 892 (Fla.1998); Rickman v. State, 714 So.2d 538, 539 (Fla. 5th DCA 1998); Ortega v. State, 712 So.2d 833 (Fla. 4th DCA 1998); Collie v. State, 710 So.2d 1000 (Fla. 2d DCA), rev. denied, 722 So.2d 192 (Fla.) and cert. denied, 525 U.S. 1058, 119 S.Ct. 624, 142 L.Ed.2d 563 (1998); Fletcher v. State, 699 So.2d 346 (Fla. 5th DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998); see also Nelson v. State, 780 So.2d 294 (Fla. 1st DCA 2001); Donovan v. State, 773 So.2d 1264 (Fla. 5th DCA 2000). Thus the Legislature has declared the public policy of this state by enactment of the Act and it should be the responsibility of this court to enforce it. Griffin.
In order to enforce and apply the provisions of the Act, the trial court must render written findings based on statutory criteria to determine whether a person being sentenced for a designated criminal offense qualifies as a sexual predator. Thus this judicial function requires the trial court to uphold the declared public policy of the Legislature by acting as a fact-finder to determine whether the statutory criteria exist to designate an individual as a sexual predator and render a written order to that effect. This is a typical function of courts and does not constitute a violation . of the separation of powers clause.
Even if the Act could be considered a sentence enhancement which removes discretion from the trial judge, the Act does not violate the separation of powers clause. The courts generally agree that although sentencing in criminal cases is the obligation of the court, Forbes v. Singletary, 684 So.2d 173 (Fla.1996), a statute that requires imposition of a mandatory sentence does not violate the separation of powers clause. State v. Cotton, 769 So.2d 345 (Fla.2000); O’Donnell v. State, 326 So.2d 4 (Fla.1975); Owens v. State, 316 So.2d 537 (Fla.1975); see also Chapman v. United States, 500 U.S. 453, 467, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (holding that the Legislature can define criminal punishment “without giving the courts any sentencing discretion.”).
Moreover, the courts have consistently held “that where a sentence is one that has been established by the legislature and is not on its face cruel and unusual, it will be sustained when attacked on grounds of due process, equal protection, or separation of power theories.” Sowell v. State, 342 So.2d 969, 969 (Fla.1977) (citing O’Donnell; Owens; Owens v. State, 300 So.2d 70 (Fla. 1st DCA 1974), appeal dismissed, 305 So.2d 203 (Fla.1974); Dorminey v. State, 314 So.2d 134 (Fla.1975)); see also Lightbourne v. State, 438 So.2d 380, 385 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. *139 1330, 79 L.Ed.2d 725 (1984); Scott v. State, 369 So.2d 330, 332 (Fla.1979). We do not find the designation pursuant to the statute cruel or unusual, even if it could be considered a form of punishment.
Thus it is well-settled that the Legislature has the exclusive power to determine penalties for crimes and may limit or eliminate.sentencing options or provide for mandatory sentencing. See Wilson v. State, 225 So.2d 321, 323 (Fla.1969), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2286, 29 L.Ed.2d 858 (1971); see also State v. Coban, 520 So.2d 40, 41 (Fla.1988); Dorminey v. State, 314 So.2d 134, 136 (Fla.1975). In Gray v. State, 742 So.2d 805, 806-07 (Fla. 5th DCA 1999), rev. denied, No. SC96765, 791 So.2d 1097 (Fla. Jun. 21, 2001), this court stated the general rule as follows:
We agree that the trial court has no discretion once the state files a notice of enhancement. However, we do not agree that the statute violates the separation of powers doctrine. Moreover, the legislature has not usurped the sentencing duties of the court by enacting this legislation. We see no difference between this statute and others that require the court to enter a specific sentence or to enhance a sentence if certain criteria are met. It is within the province of the legislature to determine^the penalties for crimes, as long as the penalties are not cruel and unusual. Lightbourne v. State, 438 So.2d 380 (Fla.1983) (citing Sowell v. State, 342 So.2d 969 (Fla.1977)). Further, “[o]ur supreme court has said that a statute which requires the imposition of a mandatory minimum sentence if certain conditions are met does not violate the separation of powers clause by virtue of the fact that it removes sentencing discretion from the judiciary.” Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999) (citing Scott v. State, 369 So.2d 330 (Fla.1979)). We agree with the reasoning of our sister court, the Third District, which addressed the same issue in McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), and affirm.
(Footnote omitted).
Conclusion
We conclude that the Act is mandatory and requires the courts to find, based on statutory criteria, whether record evidence exists to find that an individual charged with a specific crime qualifies for designation as a sexual predator. This is a typical judicial function that upholds the declared public policy of this state enunciated by the Legislature through the various provisions of the Act. Mandatory application of the Act by the courts does not offend the separation of powers provisions of our constitution.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.