792 So.2d 643 (2001)
Timothy GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4639.
District Court of Appeal of Florida, First District.
August 27, 2001.
Nancy Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, and Robert L. Martin, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
In this appeal, we are asked to determine whether section 775.087(2)-(7), Florida Statutes (1999), commonly referred to as the "10/20/Life" statute, violates the separation of powers provision set forth in Article II, Section 3 of the Florida Constitution. We conclude that it does not.
Appellant argues that the 10/20/Life statute is an unconstitutional violation of the separation of powers provision because it not only removes all sentencing discretion from the judiciary in qualifying cases, but also removes all prosecutorial discretion from the executive in qualifying cases. Appellant's first contention was addressed and rejected by the supreme court over twenty years ago when it considered a similar challenge to the 10/20/Life statute's predecessor statute which mandated the imposition of a three-year mandatory minimum term for offenders who possessed or used a firearm during the commission of certain enumerated felonies. See Scott v. State, 369 So.2d 330 (Fla.1979). There is no difference between the language of the 10/20/Life statute and the one addressed in Scott, other than the length of the mandatory terms.
*644 Appellant's second contention is similarly without merit because, as written, the 10/20/Life statute does not eliminate all prosecutorial discretion in seeking enhanced penalties under the statute, but instead clearly contemplates that in some qualifying cases prosecutors will use their discretion not to seek enhanced penalties under the statute. See § 775.087(5), Fla. Stat. (1999)(providing that "in every case in which a law enforcement agency based a criminal charge on facts demonstrating that the defendant met the criteria [of the Act] and in which the defendant did not receive the mandatory penalty, the state attorney must place in the court file a memorandum explaining why the minimum mandatory penalty was not imposed"). While such a provision might make it more onerous for a prosecutor to exercise his or her discretion not to seek enhanced penalties under the statute, it does not eliminate that discretion altogether. As such, this statute does not appear to encroach on the executive's prosecutorial discretion any more that the Prison Releasee Reoffender Act, the constitutionality of which was upheld by the supreme court in the face of arguments very similar to those advanced here. See State v. Cotton, 769 So.2d 345 (Fla.2000).
We, therefore, conclude that the trial court did not err in denying appellant's presentencing motion challenging the constitutionality of the 10/20/Life statute. We affirm appellant's robbery conviction and mandatory minimum sentence of ten years' imprisonment.
WOLF, KAHN and BENTON, JJ., concur.