823 So.2d 872 (2002)
Jose OLIVO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3543.
District Court of Appeal of Florida, Fifth District.
August 23, 2002.
James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Olivo appeals from his judgments and sentences in two criminal cases.[1] He was sentenced to ten years in prison for armed burglary of a dwelling pursuant to section 775.087(2), Florida Statutes (2001), commonly referred to as the "10/20/Life" statute, in case number 01-32778.
On appeal, Olivo argues that section 775.087(2) violates the separation of powers provision in article II, section 3 of the Florida constitution,[2] because it removes *873 sentencing discretion from the courts in qualifying cases and it unconstitutionally limits the executive function of the prosecution.
The first and fourth districts have considered and rejected these arguments. Bass v. State, 816 So.2d 247 (Fla. 1st DCA 2002); Nelson v. State, 811 So.2d 761 (Fla. 4th DCA 2002); Dukes v. State, 808 So.2d 276 (Fla. 1st DCA 2002); Jackson v. State, 795 So.2d 159 (Fla. 1st DCA 2001); Hagan v. State, 793 So.2d 1168 (Fla. 1st DCA 2001); Green v. State, 792 So.2d 643 (Fla. 1st DCA 2001), rev. denied, 817 So.2d 847 (Fla.2002).[3] We adopt their views on these issues as our own.
AFFIRMED.
HARRIS and ORFINGER, R.B., JJ., concur.
NOTES
[1] No. 01-31612: dealing in stolen property; No. 01-32778: armed burglary of a dwelling and third degree grand theft.
[2] Branches of Government.Powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
[3] The 10/20/Life provisions were added to section 775.087 in 1999. State v. Wooten, 782 So.2d 408 (Fla. 2d DCA 2001). Olivo committed the armed burglary in 2001. Olivo moved to declare section 775.087 unconstitutional and raised this issue at his sentencing hearing.