MONACO, J.
James Nelson Morrow appeals the summary denial of his Rule 3.850 motion for post-conviction relief. Morrow pled guilty to possession of a firearm by a violent career criminal in violation of section 790.235, Florida Statutes, and was sentenced to life imprisonment as a violent career criminal. His direct appeal of this judgment and sentence was affirmed by this court. See Morrow v. State, 760 So.2d 1098 (Fla. 5th DCA 2000). Morrow then filed the instant 3.850 motion asserting five claims of ineffective assistance of trial counsel. Although we find that all five *1044 claims are without merit, there are two that warrant discussion.
Morrow argues that his plea is involuntary because neither his trial counsel, nor the trial court informed him that his guilty plea could result in a mandatory life sentence. The record, however, refutes this claim. The transcript reflects that the trial court specifically advised Morrow that he could be sentenced to life imprisonment as a result of his plea. When asked if he understood this sobering fact, Morrow answered that he did. He pled guilty and the trial judge ordered the preparation of a presentence investigation. At sentencing the court determined that Morrow qualified as a violent career criminal, and awarded the life sentence. It is clear on the face of the transcript of the plea hearing that Morrow was fully aware that a life sentence could result from his plea, and thus we conclude that this claim is without merit. See Gillis v. State, 807 So.2d 204 (Fla. 5th DCA 2002).
Morrow also contends that his sentence under the “Three Strikes Violent Felony Offender Act” is unconstitutional as constituting cruel or unusual punishment, and that his trial counsel was ineffective for failing to object on this basis. This claim is likewise without merit. In Nelson v. State, 811 So.2d 761 (Fla. 4th DCA 2002), the Fourth District Court of Appeal held that the 10/20/life statute, section 775.087(2), Fla. Stat., is not on its face cruel or unusual. See also Olivo v. State, 823 So.2d 872 (Fla. 5th DCA 2002), holding that the 10/20/life statute does not violate the separation of powers provision of the Florida Constitution. We are likewise not persuaded by Morrow’s argument that his life prison sentence for possession of a firearm by a violent career criminal constitutes cruel or unusual punishment.
The United States Supreme Court in Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), pointed out that reviewing courts “should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes.” Similarly, in Hale v. State, 630 So.2d 521 (Fla.1993), the Florida Supreme Court noted that the length of a sentence actually imposed for violation of the criminal law is generally a matter of legislative prerogative.
Historically the Eighth Amendment to the United States Constitution and article I, section 17 of the Florida Constitution have protected individuals with respect to the method of punishment, not the length of a period of incarceration. See Harmelin v. Michigan, 501 U.S. 957, 979, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); Hall v. State, 823 So.2d 757 (Fla.2002). Neither constitutional provision requires strict proportionality between crime and sentence. See Hall; cf. State v. Cotton, 769 So.2d 345 (Fla.2000). Instead, they prohibit only extreme sentences that are “grossly disproportionate” to the crime. See Harmelin, 501 U.S. at 1001, 111 S.Ct. 2680 (Kennedy, J., concurring). A criminal sentence may qualify as a cruel and unusual punishment if it, among other things, “involves the unnecessary and wanton infliction of pain,” Provenzano v. Moore, 744 So.2d 413, 415 (Fla.1999), or otherwise “shocks the conscience and sense of justice of the people,” United States v. Rosenberg, 195 F.2d 583, 608 (2d Cir.), cert. denied, 344 U.S. 838, 73 S.Ct. 21, 97 L.Ed. 652 (1952), based on “evolving standards of decency.” See Provenzano, 744 So.2d at 415; see also Duncan v. Moore, 754 So.2d 708 (Fla.2000). We do not believe that Morrow’s punishment meets these tests.
Our legislature is entitled to protect society against repeat criminal offenders. *1045 See Bynes v. State, 28 Fla. L. Weekly D1764, 2003 WL 21749434 (Fla. 4th DCA July 30, 2003). In the exercise of its prerogatives regarding sentencing it has chosen to afford that protection by enactment of the three strikes law. See Cotton. We cannot say that the punishment meted out to Morrow based on his violent criminal history and his commission of the firearms offense is grossly disproportionate, involves the unnecessary and wanton infliction of pain, or shocks the conscience and sense of justice. Accordingly, we conclude that his sentence is not violative of the constitutional proscriptions against cruel or unusual punishment. Morrow’s trial counsel was not required to object on this basis, and was, therefore, not ineffective.
AFFIRMED.
SHARP, W„ and GRIFFIN, JJ., concur.