864 So.2d 36 (2003)
Darrick T. ADAWAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1907.
District Court of Appeal of Florida, Third District.
November 26, 2003.
Rehearing Denied January 23, 2004.
*37 Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before COPE, GREEN and FLETCHER, JJ.
PER CURIAM.
Darrick T. Adaway appeals his life sentence without parole for capital sexual battery on a minor. He contends that as applied to his case, the life sentence amounts to cruel and unusual punishment. We affirm.
At the time of the events at issue defendant was thirty-six years of age and the victim was eleven.[1] The defendant was charged in Count I with capital sexual battery "by placing his mouth in union with the vagina of [the victim] in violation of s.794.011(2) ... Florida Statutes...." Under section 794.011(2), Florida Statutes (1999) "[a] person 18 years of age or older who commits sexual battery upon ... a person less than 12 years of age commits a capital felony...." The penalty is "life imprisonment and [the offender] shall be ineligible for parole." § 775.082(1), Fla. Stat. (1999). After defendant was convicted, the trial court imposed that sentence.[2]
Defendant argues that because capital sexual battery carries a mandatory penalty of life imprisonment without parole, the penalty is cruel and unusual punishment under the Eighth Amendment to the United States Constitution and cruel or unusual punishment under Article I, section 17 of the Florida Constitution (1968).[3] The defendant contends that the penalty of life imprisonment without parole is disproportionate where the crime consists of union with, but not penetration of, the sexual organ of the victim and no physical injury.[4]
We agree with the analysis of the Second District in a similar case, Gibson v. State, 721 So.2d 363, 367-70 (Fla. 2d DCA *38 1998) and affirm on that authority. See also Banks v. State, 342 So.2d 469 (Fla. 1976). But see Welsh v. State, 850 So.2d 467, 474 n. 8 (Fla.2003), (Pariente, J., concurring) ("the constitutionality of a mandatory punishment of life imprisonment for the specific crime of sexual battery without penile/vaginal union is a significant concern.").
Affirmed.
NOTES
[1] The crime date was July 19, 2000.
[2] Count 2 of the information charged lewd and lascivious molestation by intentionally touching the genitals of the victim in violation of paragraph 800.04(5)(b), Florida Statutes (1999). The defendant does not challenge his conviction and sentence on count 2.
[3] The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

At the time of the crime Article I, section 17 of the Florida Constitution provided: "Excessive fines, cruel or unusual punishment, attainder, forfeiture of estate, indefinite imprisonment, and unreasonable detention of witnesses are forbidden." A 1998 amendment to this provision was held invalid in Armstrong v. Harris, 773 So.2d 7, 22 (Fla. 2000). Although not applicable to this case, Article I, Section 17 was subsequently amended in 2002.
[4] There was testimony by the victim which could be interpreted as saying that there had been digital penetration. However, the rape treatment center physician conducted a physical examination and found that no penetration had occurred.